Filed 8/22/16  In re Raul O. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re RAUL O., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B266705<br>(Super. Ct. No. 1396175)<br>(Santa Barbara County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAUL O.,<br><br>    Defendant and Appellant. | |

Raul O., a juvenile, appeals entry of a criminal protective order issued pursuant to Penal Code section 1203.097.  The People agree.  Accordingly, we reverse and remand to the juvenile court.

### FACTS

On August 11, 2015, a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)), and a notice of juvenile probation violation (Welf. & Inst. Code, § 777, subd. (a)) were filed against appellant.  The wardship petition alleged that appellant committed misdemeanor battery against Jane Doe (Pen. Code, § 243, subd. (e)(1)) and misdemeanor vandalism (Pen. Code, § 594, subd. (b)(2)(A)).  On August 20, 2015,

appellant admitted count 2. Count 1 was dismissed with a Harvey waiver and the probation violation allegation was dismissed.

On September 2, 2015, the juvenile court signed and filed a domestic violence criminal protective order pursuant to Penal Code section 1203.097. The order prohibits appellant from having any contact with Jane Doe.

## DISCUSSION

Appellant argues that the criminal protective order exceeded the juvenile court's jurisdiction. He is correct.

Penal Code section 1203.097, subdivision (a), states: "If a person is granted probation for a crime in which the victim is a person defined in [s]ection 6211 of the Family Code, the terms of probation shall include all of the following . . . ." Under the express terms of the statute, a judge may only issue a criminal protective order in cases in which a criminal matter is pending before the court.

Appellant is a minor and a ward of the juvenile court. Welfare and Institutions Code section 203 provides that juvenile delinquency proceedings are not criminal proceedings. Our Supreme Court has so held. (*In re Derrick B.* (2006) 39 Cal.4th 535, 540 [adjudications under Welfare and Institutions Code section 602 are not criminal convictions].)

Juvenile courts are limited to the issuance of juvenile protective orders in cases involving domestic violence. (See Welf. & Inst. Code, § 213.5.) California Rules of Court, rule 5.630 specifies the procedure and form to be used. Subdivision (f)(2) of that rule states: "The order after hearing must be prepared on *Restraining Order-Juvenile* (form JV-255)." Rules of Court are legally binding as procedural statutes to the extent not inconsistent with statutory or constitutional law. (*R.R. v. Superior Court* (2009) 180 Cal.App.4th 185, 205.)

2

## DISPOSITION

The juvenile court's order issuing an adult protective order is reversed and the matter is remanded for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

3

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Joshua Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.